IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RALPH HARRISON BENNING,** : <br> : <br> **Plaintiff,** : <br> : No. 5:18-cv-00087-TES-CHW <br> **v.** : <br> : <br> **COMMISSIONER GREGORY** : <br> **C DOZIER,** *et al.***,** : <br> : <br> : <br> **Defendants.** : | |

## ORDER AND RECOMMENDATION

This case is currently before the United States Magistrate Judge for preliminary screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a). Plaintiff Ralph Harrison Benning, an inmate confined at Wilcox State Prison, filed the above-captioned proceeding seeking relief under 42 U.S.C. § 1983. The Court previously granted Plaintiff in forma pauperis status, and he has now paid the initial partial filing fee as directed. Plaintiff's motion for extension of time to pay the filing fee (Doc. 6) is **DENIED as moot**.

As discussed below, Plaintiff may proceed with his claims against Defendant Dozier in his official capacity. It is, however, **RECOMMENDED** that Defendant Georgia Department of Corrections Inmate Email Censor be **dismissed without prejudice**.

I. **Motion to Proceed In Form Pauperis**

Although Plaintiff was previously granted in forma pauperis status, Plaintiff IS still obligated to pay the full balance of the filing fee, in installments, as set forth in § 1915(b) and explained below. It is thus requested that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee.

A. Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the remaining portion of the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

B. Plaintiff's Obligations Upon Release

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is

2

hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full. Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments. Plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

## II. Preliminary Review of Plaintiff's Complaint

### A. Standard for Preliminary Review

Under the PLRA, the district courts are obligated to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required, under 28 U.S.C. § 1915(e), when the plaintiff is proceeding IFP. When conducting a preliminary review, the district court must accept all factual allegations in the complaint as true and make all inferences in the plaintiff's favor. *See Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys," and a *pro se* compliant is thus "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). The district court, however, cannot allow a plaintiff to litigate frivolous, conclusory, or speculative claims. As part of the preliminary screening, the court shall dismiss a complaint, or any part thereof, prior to service, if it is apparent that the plaintiff's claims are frivolous or if his

allegations fail to state a claim upon which relief may be granted – i.e., that the plaintiff is not entitled to relief based on the facts alleged. *See* § 1915A(b); § 1915(e).

To state a viable claim, the complaint must include "enough factual matter" to – not only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" – but to also create "a reasonable expectation" that discovery will reveal evidence to prove the claim(s). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The claims cannot be speculative or based solely on beliefs or suspicions; each must be supported by allegations of relevant and discoverable fact. *Id*. Thus, neither legal conclusions nor a recitation of legally relevant terms, standing alone, is sufficient to survive preliminary review. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) ("labels and conclusions" or "a formulaic recitation of the elements" of a cause of action is not enough). Claims without an arguable basis in law or fact will be dismissed as frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (claims frivolous if "clearly baseless" or "legal theories are indisputably meritless").

B. Plaintiff's Claims

The events underlying this action took place at Wilcox State Prison beginning in September 2017. Plaintiff avers that on September 24, 2017, he attempted to send an email to Ms. Knott using the "inmate email service." Compl. 5, ECF No. 1. Plaintiff sent a second email to Ms. Knott on October 9, 2017, but learned on October 12, 2017, that some of his emails were not delivered as he intended. Plaintiff then contacted the "email service provider" on October 13, 2017, to find out why his emails were not delivered. The

email service provider responded that "the emails had been censored by the Georgia Department of Corrections." *Id*. Plaintiff requested, via email, a list of Plaintiff's censored emails. *Id*. at 11. The email service provider responded that a total of three of his emails, sent on September 24 and October 9, were "censored by the Georgia Department of Corrections Central Unit." *Id*.

According to Plaintiff, Operations Analyst Harrell informed Plaintiff that "email censorship of inmate emails is done at the Georgia Department of Corrections Central Office in Forsyth." *Id*. at 11. Plaintiff contends he was not provided notice that his emails were censored, was not provided an opportunity to respond to or challenge the censor's decision, and has still not been provided the reason for the censorship. *Id*.

The First Amendment guarantees protection against unjustified governmental interference with speech and communication, and an inmate is not stripped of these rights in virtue of his incarceration. *Thornburgh v. Abbott*, 490 U.S. 401 (1989). Nevertheless, "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large." *Shaw v. Murphy*, 532 U.S. 223, 229 (2001). A prisoner's "rights must be exercised with due regard for the 'inordinately difficult undertaking' that is modern prison administration." *Thornburgh,* 490 U.S. at 407 (quoting *Turner v. Safley*, 482 U.S. 78, 85 (1987)).

"In the First Amendment context . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Lawson v. Singletary*, 85 F. 3d 502.

5

In the context of outgoing personal inmate correspondence, government interference is permissible only if (1) it "furthers one or more of the substantial governmental interests of security, order, and rehabilitation" and (2) the limitation is "no greater than is necessary or essential to the protection of the particular governmental interest involved." *Procunier v. Martinez*, 416 U.S. 396, 412 (1974); *Thornburgh,* 490 U.S. at 413 (recognizing that the logic of *Martinez* is limited to regulations concerning outgoing correspondence).

It is well established that "censorship of prison mail, whether incoming or outgoing, impinges on the interest in communication of both the inmate and the nonprisoner correspondent." *Saxbe v. Wash. Post Co.*, 417 U.S. 843, 865 (1974). Plaintiff thus enjoys a First Amendment right to communicate with certain individuals outside of prison walls. E-mail "can be a means of exercising this right," *see Solan v. Zickefoose*, 530 F. App'x 109, 110 (3d Cir. 2013), and is apparently a means of inmate communication provided at Wilcox State Prison.

According to Plaintiff, several of his emails to a particular individual were censored, without notice, justification, or an opportunity to be heard. At this stage of the proceedings, as the Court must accept Plaintiff's allegations as true and draw inferences in his favor, Plaintiff has plausibly alleged a violation of his First Amendment rights. *See e.g. Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) ("[Plaintiff's] complaint — which unequivocally pleads facts alleging that the prison censored his outgoing mail and punished him for its contents — states a claim that is clearly cognizable under *Procunier*."); *Gee v. Pacheco*, 627 F.3d 1178, 1188 (10th Cir. 2010) (allegation that

defendant failed to deliver properly addressed letter absent penological justification stated plausible first amendment claim); *see generally Al-Amin v. Smith*, 511 F.3d 1317, 1333-34 (11th Cir. 2008) (recognizing that, under certain circumstances, a medium of communication may "be a more important free speech right that the use of their tongues").

Plaintiff has named as Defendants in this action the Commissioner of the Georgia Department of Corrections, Gregory C. Dozier in his official capacity, and "Georgia Department of Corrections Inmate Email Censor" in his or her individual and official capacities. Plaintiff may proceed with his claims against Defendant Dozier in his official capacity. Although Plaintiff complains that Defendant Dozier has failed to create a formal policy governing inmate email, under the liberal construction his complaint is entitled to, it does not appear that Plaintiff asserts the actions of Defendant Email Censor were unilateral or without authorization, rather than pursuant to custom. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[I]n an official-capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."). With inferences drawn in his favor, Plaintiff has stated an official capacity claim against Defendant Dozier.

Plaintiff has, however, failed to state a claim against Defendant Georgia Department of Corrections Inmate Email Censor. As a general matter, fictitious party pleading is not "permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). The one exception to this rule is when the plaintiff's description of the defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id*. (quoting *Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir.

7

1992)).  Therefore, to proceed against an unnamed defendant, a plaintiff must provide a "description of some kind which is sufficient to identify the person involved so that process can be served." *Dean*, 951 F.2d at 1216.

Plaintiff's Complaint does not contain a sufficiently detailed description of the Defendant Email Censor so that the party may be identified for service.  He merely describes the person as an "inmate email censor" who reviewed Plaintiff's email. It is therefore **RECOMMENDED** that all claims Defendant Georgia Department of Corrections Inmate Email Censor be **DISMISSED without prejudice**.  However, if Plaintiff later learns the identity or name of this party during discovery, he may move to amend and add him or her as party at that time.

### III.    CONCLUSION

Based on the forgoing, Plaintiff may proceed with his First Amendment claim against Defendant Dozier in his official capacity.   It is **RECOMMENDED** that Plaintiff's claims against Defendant Georgia Department of Corrections Inmate Email Censor be **dismissed without prejudice**.

### OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the assigned United States District Judge, **WITHIN TWENTY-ONE (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing

written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal any order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

It is **ORDERED** that service be made on Defendant Dozier and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING & SERVICE OF MOTIONS AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.  A party need not serve the opposing party by mail if the opposing party is represented by counsel.  In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.  If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff.  The Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil**

**Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendants (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendants beginning on the date of filing of Defendants' answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party is required to respond to any request which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

## COMPLIANCE WITH COURT ORDERS AND REQUESTS

Failure to fully and timely comply with any order or request of the Court, or other failure to diligently prosecute this case, will result in the dismissal of the failing party's pleadings. *See* Fed. R. Civ. P. 41.

**SO ORDERED AND RECOMMENDED**, this 11th day of May, 2018.

s/ Charles H. Weigle_____<br>
Charles H. Weigle<br>
United States Magistrate Judge