IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
_____MACON_____ DIVISION

QUESTIONNAIRE FOR THE PRISONERS PROCEEDING
PRO SE UNDER 42 U.S.C. § 1983

RECEIVED
CLERK'S OFFICE
2019 APR -5 AM 9:36

RALPH HARRISON BENNING
GDC0000427174 - EF198322

(GIVE FULL NAME AND PRISON NUMBER OF PLAINTIFF)

Plaintiff

VS.

Commissioner GREGORY C. DOZIER,
MARGARET PATTERSON,
JENNIFER EDGAR

(NAME OF EACH DEFENDANT)

Defendant(s)

CIVIL ACTION NO:

5:18-CV-087-TES-CHW

AMENDED COMPLAINT

## I. GENERAL INFORMATION

1. Your full name and prison number Ralph Harrison Benning, GDC 427174
2. Name and location of prison where you are now confined Wilcox State Prison, Abbeville, GA
3. Sentence you are now serving (how long?) Life
    (a) What were you convicted of? Murder

    (b) Name and location of court which imposed sentence Fulton County Superior Court, Atlanta, Georgia
    (c) When was sentence imposed? 1986
    (d) Did you appeal your sentence and/or conviction?        Yes ☐    No ☒
    (e) What was the result of your appeal? No appeal

(f) Approximate date your sentence will be completed __Upon my death.__

## II. PREVIOUS LAWSUITS

NOTE: FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

4. Other than an appeal of your conviction or sentence, and other than any habeas action, have you filed a lawsuit dealing with the same or similar facts or issues that are involved in this action?

   Yes [ ]   No [x]

5. If your answer to question 4 is "Yes," list that lawsuit below, giving the following information:
(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

   (a) Parties to the previous lawsuit INVOLVING SAME FACTS:

   Plaintiff(s): _____

   Defendant(s): _____

   (b) Name of Court: _____
   (c) Docket Number: _____  When did you file this lawsuit? _____
   (d) Name of judge assigned to case: _____
   (e) Is this case still pending?   Yes [ ]   No [ ]
   (f) If your answer to (e) is "No", when was it disposed of and what were the results?
      (DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

6. Other than an appeal of your conviction or sentence, and other than any habeas action, have you ever filed any lawsuit while incarcerated or detained?   Yes [x]   No [ ]

7. If your answer to question 6 is "Yes," list that lawsuit below, giving the following information:
(IF YOU HAVE FILED MORE THAN ONE LAWSUIT, LIST OTHER LAWSUITS ON A SEPARATE SHEET OF PAPER, GIVING THE SAME INFORMATION FOR EACH)

   I. (a)  Parties to the previous lawsuit:

   Plaintiff(s): __Ralph Harrison Benning and Victor Dewayne Williams__

   Defendant(s): __Jim Jester, Traci Durance (see: Attch. A)__

   (b) Name of Court: __Southern District of Georgia__
   (c) Docket Number: __CV694__   When did you file this lawsuit? __Nov. 22, 1994__
   (d) Name of judge assigned to case: __Honorable William T. Moore, Jr.__
   (e) Is this case still pending?   Yes [ ]   No [x]

(f) If your answer to (e) is "No", when was it disposed of and what were the results?
(DID YOU WIN? WAS THE CASE DISMISSED? DID YOU APPEAL?)

September 18, 1997, Judgment for Defendants, affirmed Eleventh Circuit

8. AS TO ANY LAWSUIT FILED IN ANY FEDERAL COURT in which you were permitted to proceed *in forma pauperis*, was any suit dismissed on the ground that it was frivolous, malicious, or failed to state a claim?   Yes ☐   No ☒

If your answer is Yes, state the name of the court and docket number as to each case:

### III. PLACE OF INCIDENT COMPLAINED ABOUT

9. Where did the matters you complain about in this lawsuit take place? Georgia Department of Corrections, Central Office, Forsyth, Georgia, Monroe County

   (a) Does this institution have a grievance procedure?   Yes ☒   No ☐

   (b) If your answer to question 9(a) is "Yes", answer the following:

   (1) Did you present your complaint(s) herein to the institution as a grievance?
   Yes ☒   No ☐

   (2) If Yes, what was the result? Filed Grievance Numbers: 254560, 271977, 273207 and 273718 all of which were denied.

   (3) If No, explain why not:

(c) What, if anything else, did you do or attempt to do to bring your complaint(s) to the attention of prison officials? Give dates and places and the names of persons talked to.

_____

_____

_____

(d) Did you appeal any denial of your grievance to the highest level possible in the prison system?   Yes [X]   No [ ]

(1) If Yes, to whom did you appeal and what was the result? Appealed all grievances to Georgia Department of Corrections, Central Office, all of which were denied; time limits expired.

(2) If No, explain why you did not appeal: _____

_____

10. In what other institutions have been confined? Give dates of entry and exit.

Georgia Diagnostic and Classification Center, circa 1986; Coastal Correctional Institution, circa 1987-1989; Valdosta Correctional Institution, circa 1989-1990; Ware Correctional Institution, circa 1990-1992; Georgia State Prison, circa 1992-1997; Macon State Prison, circa 1997-1997; Georgia State Prison, circa 1997-2003; (cont. Attch. B)

## IV. PARTIES TO THIS LAWSUIT

11. List your CURRENT place of incarceration/mailing address.

Ralph H. Benning, 427174, Wilcox State Prison, P.O. Box 397, Abbeville, Georgia, 31001-0397

_____

12. List the full name, the official position, and the place of employment of each defendant in this lawsuit. (ATTACH ADDITIONAL PAGES IF NECESSARY)

| Commissioner G. Dozier | Ms. Margaret Patterson | Ms. Jennifer Edgar |
|---|---|---|
| Commissioner | Admin. Support 1 | Crim. Intell. Anyl. 1 |
| Georgia Dept. of Corr. | Georgia Dept. of Corr. | Georgia Dept. of Corr. |
| 300 Patrol Rd. | 300 Patrol Rd. | 300 Patrol Rd. |
| Forsyth, GA 31029 | Forsyth, GA 31029 | Forsyth, GA 31029 |

## V. STATEMENT OF CLAIM

13. In the space hereafter provided, and on separate sheets of paper if necessary, set forth your claims and contentions against the defendant(s) you have named herein. Tell the court **WHAT** you contend happened to you, **WHEN** the incident(s) you complain about occurred, **WHERE** the incident(s) took place, **HOW** your constitutional rights were violated, and **WHO** violated them? Describe how each defendant was involved, including the names of other persons who were also involved. If you have more than one claim, number and set forth each claim SEPARATELY.

**DO NOT GIVE ANY LEGAL ARGUMENT OR CIT ANY CASES OR STATUTES AT THIS TIME**; if such is needed at a later time, the court will advise you of this and will afford you sufficient time to make such arguments. KEEP IN MIND THAT RULES 8 OF THE FEDERAL RULES OF CIVIL PROCEDURE **REQUIRES** THAT PLEADINGS BE **SIMPLE**, **CONCISE**, and **DIRECT**! If the court needs additional information from you, you will be notified.

**WHERE** did the incident you are complaining about occur? That is, at what institution or institutions? Georgia Department of Corrections, Central Office, Forsyth, Georgia

**WHEN** do you allege this incident took place? Circa August, 2016, through the present

**WHAT** happened? 1. On September 24, 2017 Plaintiff used the inmate email service to send email correspondence to Ms. Elizabeth B. Knott.

2. On October 9, 2017 Plaintiff used the inmate email service to send email correspondence to Ms. Elizabeth B. Knott.

3. On or about October 12, 2017 Plaintiff learned that the email of September 24, 2017 had not been delivered.

4. Defendant Margaret Patterson censored the September 24, 2017 email.

5. On or about October 12, 2017 Plaintiff learned that two (2) of the October 9, 2017 emails had not been delivered.

6. Defendant Jennifer Edgar censored the two (2) October 9, 2017 emails.

7. On February 6, 2018 Plaintiff used the inmate email service to send email correspondence to the Aleph Institute.

8. On August 8, 2018 I was informed that the email of February 6, 2018 had not been delivered.

9. Defendant Patterson censored the February 6, 2018 email.

10. Plaintiff was not given any notice that his outgoing (cont. Attch. C)

14. List the name and address of every person you believe was a WITNESS to the incident(s) you complain about, BRIEFLY stating what you believe each person knows from having seen or heard what happened. (USE ADDITIONAL SHEETS, IF NECESSARY)

Ms. Margaret Patterson; Ms. Jennifer Edgar; and, other persons unknown at this time to Plaintiff

15. BRIEFLY state exactly what you want the court to do for you. That is, what kind of relief are you seeking in this lawsuit? Do not make any legal arguments and do not cite any cases or statutes! (USE ADDITIONAL SHEETS, IF NECESSARY)

1. Declare that inmate email correspondence be considered the same as written/paper correspondence.

2. Declare that Plaintiff has a right to be notified when email correspondence is censored.

3. Declare that Plaintiff has a right to respond to any decision to censor email correspondence before the decision is finalized.

4. Declare that Plaintiff has a right to written reason(s) for any decision to censor email correspondence      (cont. Attch. D)

16. You may attach additional pages if you wish to make any legal argument. However, legal arguments are NOT required in order for you to obtain relief under §1983. If the court desires legal argument from you, it will request it. If any defendant presents a legal argument, you will be afforded an opportunity to respond thereto.

17. KEEP IN MIND THAT ONCE YOUR LAWSUIT IS FILED, THE COURT WILL REQUIRE YOU TO DILIGENTLY PROSECUTE IT. That means that you will be required to go forward with your case without delay. Thus, if you fail to adequately prepare your case before you file it, you may find your lawsuit dismissed for failure to prosecute if you take no action once it is filed. YOU WILL RECEIVE NO FURTHER INSTRUCTIONS FROM THE COURT TELLING YOU WHAT TO DO OR HOW TO DO IT! IT IS YOUR RESPONSIBILITY AND YOURS ALONE TO PROSECUTE YOUR OWN CASE! If you fail to prosecute your case, it will be dismissed under Rule 41 of the Federal Rules of Civil Procedure.

Signed this 2nd day of April, 2019.

PLAINTIFF

7.I (a) Parties to the previous lawsuit:
Plaintiffs: Ralph Harrison Benning and Victor Dewaye Williams
Defendants: Jim Jester, Traci Durrance, Eric Hemphill, Hal O. Ray, Gwen Strickland, Albert G. Thomas, Kenneth Woodruff, Preston Woods
(b) Name of Court: Southern District of Georgia
(c) Docket Number: CV694-180
When was lawsuit filed? November 22, 1994
(d) Assigned Judge: Honorable William T. Moore, Jr.
(e) Is case still pending? No
(f) Disposition: September 18, 1997, Judgment for Defendants, aff'd Eleventh Circuit

7.II (a) Plaintiff: Ralph Harrison Benning
Defendants: J. Wayne Garner, Albert G. Thomas, Jim Wetherington, James Doctor
(b) Name of Court: Northern District of Georgia
(c) Docket Number: 1:98-cv-3690-ODE
When was lawsuit filed? December 28, 1998
(d) Assigned Judge: Honorable Orinda D. Evans
Honorable Christopher Hagy
(e) Is case still pending? No
(f) Disposition: December 28, 2001, Judgment for Defendants, aff'd Eleventh Circuit

7.III (a) Plaintiff: Ralph Harrison Benning
Defendant: John Brady
(b) Name of Court: Southern District of Georgia
(c) Docket Number: CV600-027
When was lawsuit filed? July 14, 2000
(d) Assigned Judge: Honorable B. Avant Edenfield
Honorable James E. Graham
(e) Is case still pending? No
(f) Disposition: Defendant's Verdict

7.IV (a) Plaintiff: Ralph H. Benning
Defendants: Hilton Hall, Hugh Smith, James L. Thrift, Rhonda S. McCabe, James Doctor, Scott Stallings, Annette Spikes
(b) Name of Court: Southern District of Georgia
(c) Docket Number: CV601-031
When was lawsuit filed: February 28, 2001
(d) Assigned Judge: Honorable B. Avant Edenfield
Honorable W. Leon Barfield
(e) Is case still pending? No
(f) Disposition: Policy changed, Judgment for Defendants

7.V (a) Plaintiff: Ralph Harrison Benning
Defendants: State of Georgia, Georgia Department of Corrections, James E. Donald
(b) Name of Court: Southern District of Georgia
(c) Docket Number: 02-CV-139
When was lawsuit filed? December 18, 2002
(d) Assigned Judge: Honorable B. Avant Edenfield
Honorable James E. Graham

A-1 of 3

(e) Is case still pending? No
(f) Disposition: Voluntary dismissal w/o prejudice pursuant to private settlement agreement to provide a kosher diet. see: Benning v. State, 864 F.Supp.2d. 1358, 1362 (M.D.Ga. 2012)
Benning v. Georgia, 391 F.3d. 1299 (11th Cir. 2004)

7. VI (a) Plaintiff: Ralph H. Benning
Defendants: State of Georgia, Georgia Board of Corrections, Georgia Department of Corrections, James E. Donald, Brian Owens
(b) Name of Court: Middle District of Georgia
(c) Docket Number: 5:08-cv-435 (MTT)
When was lawsuit filed? December 11, 2008
(d) Assigned Judge: Honorable Marc Thomas Treadwell
Honorable Hugh Lawson
Honorable Claude W. Hicks, Jr.
(e) Is case still pending? No
(f) Disposition: Plaintiff's Verdict
re: Benning v. State, 2010 U.S. Dist. LEXIS 11702, Jan. 14, 2010
Benning v. State, 2010 U.S. Dist. LEXIS 11717, Feb. 10, 2010
Benning v. State, 2010 U.S. Dist. LEXIS 108474, Jun. 23, 2010
Benning v. State, 2010 U.S. Dist. LEXIS 108478, Oct. 12, 2010
Benning v. State, 2012 U.S. Dist LEXIS 1444, Jan. 6, 2012
Benning v. State, 845 F.Supp.2d. 1372 (M.D.Ga. 2012)
Benning v. State, 2012 U.S. Dist. LEXIS 15388, Feb. 8, 2012
Benning v. State, 864 F.Supp.2d. 1358 (M.D.Ga. 2012)

7. VII (a) Plaintiff: Ralph Harrison Benning
Defendants: Georgia Department of Corrections, Commissioner Brian Owens, State of Georgia, Chaplain Douglas Simmons
(b) Name of Court: Middle District of Georgia
(c) Docket Number: 5:14-cv-389 (LJA)
When was lawsuit filed? Do not know
(d) Assigned Judge: Honorable Leslie J. Abrams
(e) Is case still pending? No
(f) Disposition: Voluntary dismissal w/o prejudice pursuant to private settlement agreement to allow the use of a sukkah (tent) for religious observance.

7. VIII (a) Plaintiff: Ralph Harrison Benning
Defendants: Governor Nathan Deal, Commissioner Homer Bryson, Carlton Powell, J. Tyson Stephens, Stacy Jarrard, Roger Garrison, Cullen Talton, Commissioner Greg C. Dozier, Asst. Commissioner Timothy Ward, Johnny Sikes, Ricky Myrick, Jennifer Ammons, Joseph Drolet, Angelique McClendon, Warden Edward Philbin, Deputy Warden Jerry Jefferson, L. Cox, Unit Manager Roger Hodge, Latitia Bell, Mail Room Supervisor Green, Stephanie Crimley, Hank Autry, Sergeant Wilbur Hope, Counselor Johnson, Disciplinary Investigator Nixon, Jayanta McLean, Officer T. Roberts, Officer Shakema Anderson
(b) Name of Court: Middle District of Georgia
(c) Docket Number: 1:17-cv-0152 (LJA)
When was lawsuit filed? August 10, 2017

    (d) Assigned Judge: Honorable Leslie J. Abrams
                            Honorable Thomas Q. Langstaff
    (e) Is case still pending? Yes
    (f) Disposition: Pending

7. IX (a) Plaintiff: Ralph Harrison Benning
           Defendants: Gregory C. Dozier, Margaret Patterson, Jennifer Edgar
    (b) Name of Court: Middle District of Georgia
    (c) Docket Number: 5:18-cv-087(TES)
         When was lawsuit filed? March 9, 2018
    (d) Assigned Judge: Honorable Tilman E. Self, III
                            Honorable Leslie J. Abrams
                            Honorable Charles H. Weigle
    (e) Is case still pending? Yes
    (f) Disposition: Pending

7.X (a) Petitioner: Ralph H. Benning
         Respondent: Gregory C. Dozier
    (b) Name of Court: Superior Court of Fulton County
    (c) Docket Number: 2018CV314593
         When was lawsuit filed? December 12, 2018
    (d) Assigned Judge:
    (e) Is case still pending? Yes
    (f) Dispostition: Pending

ATTACHMENT B

10. (cont.)   Hancock State Prison, circa 2003-2005; Hays State Prison, circa 2005-2006; Macon State Prison, circa 2006-2009; Telfair State Prison, circa 2009-2011; Autry State Prison, circa 2011-2016; Wilcox State Prison, December 20, 2016 –

V. STATEMENT OF CLAIM (cont.)

10. email correspondences had been censored by the defendants.

11. Plaintiff was not given an opportunity to respond to or to challenge the censorship of his outgoing correspondences at the time of the censorship.

12. Plaintiff was not given the reason(s) for the censorship of his email correspondence at the time of the censorship.

13. Defendant Dozier's policy and custom contributed to the decision to censor Plaintiff's email correspondences.

14. Plaintiff learned that his email correspondences had been censored by the defendants from the email service provider after Plaintiff made a specific request to the email service provider for the reason Plaintiff's emails had not been delivered.

15. On October 30, 2017 Plaintiff used the inmate email service to send three (3) emails to Ms. Elizabeth B. Knott.

16. Plaintiff's three (3) October 30, 2017 email correspondences are virtually identical to the September 24, 2017 and October 9, 2017 emails which were censored; the October 30, 2017 emails were not censorsed.

17. The only significant difference between the censored email correspondences of September 24, 2017 and October 9, 2017 and the non-censored October 30, 2017 email correspondence is the following statement which was placed at the head of each of the October 30, 2017 email correspondences:

> NOTICE TO GaDOC CENSOR/REVIEWER. Emails similar to this (being sent in 3 parts due to length restrictions) I sent on Sept. 24, 2017 and Oct 9, 2017 were censored. Simply because this outgoing correspondence is sent via the Jpay email system does not relieve the GaDOC of the requirements set out by the US Supreme Court in PROCUNIER V. MARTINEZ, 416 US 396 (1974) and THORNBURG V. ABBOT, 490 US 403 (1989). The censorship of these emails will be the subject of a grievance and if not resolved an action pursuant to 42 USC 1983. Please refer this notice and email (all 3 parts) to Ms. Jennifer Ammons, General Counsel GaDOC.

18. The defendants have censored incoming email correspondences addressed to Plaintiff in addition to those cited above.

19. The defendants have not notified Plaintiff of the censorship of incoming email correspondences addressed to Plaintiff.

20. The defendants have not provided Plaintiff an opportunity to be heard concerning the censorship of email correspondences addressed to Plaintiff.

C-1 of 2

21. Defendant Dozier's policy and custom contributed to the decision to censor incoming email correspondences addressed to Plaintiff.

22. Defendants have censored outgoing email correspondences other than, and in addition to, those of September 24, 2017 and October 9, 2017.

23. Plaintiff has not been notified by the defendants of all instances of censorship of email correspondences by defendants of Plaintiff's outgoing email correspondences.

24. Plaintiff has not been notified by the defendants of all instances of censorship of email correspondences by defendants of Plaintiff's incoming email correspondeces.

25. It costs Plaintiff 0.35¢ to send an email.

26. The defendants do not refund to Plaintiff the 0.35¢ to Plaintiff for censored email correspondences.

27. The defendants receive 0.0525¢ for each email correspondence sent to, or from, an inmate.

28. The defendants limit Plaintiff's emails to a length of six thousand (6,000) characters, including spaces.

29. The defendants limit Plaintiff's emails to a pre-approved list of correspondents.

30. For a person to be an approved correspondent to receive emails from, or to send emails to, Plaintiff, the person must clear the security requirements necessary to be allowed physical entry into the prison to visit with Plaintiff.

31. It costs Plaintiff 0.55¢ to send a one (1) ounce letter by first class mail, by the U.S. Postal Service.

32. The defendants do not receive any funds for correspondence sent to, or by, an inmate by the U.S. Postal Service.

33. The defendants do not limit the length of correspondence sent by an inmate by the U.S. Postal Service.

34. The defendants do not limit Plaintiff's correspondence by the U.S. Postal Service to a pre-approved list of correspondents.

35. The defendants restrict Plaintiff's freedom of expression by restricting the use of Plaintiff's email correspondence by non-incarcerated persons.

36. The defendants restrict the freedom of expression of non-incarcerated persons by restricting the non-incarcerated person's use of email correspondences from Plaintiff.

5. Order the defendants to pay Plaintiff 0.35¢ per email censored in compensatory damages.

6. Order each defendant to pay Plaintiff $10.00 in nominal damages

7. Order each defendant to pay Plaintiff $1,000.00 in punitive damages

8. Order the defendants to pay Plaintiff's costs in bringing this action.

9. Order the defendants to pay Plaintiff all monies and funds, of any type, Plaintiff has expended in prosecuting this action.

10. Order the defendants to refund the cost of an email any time the defendants censor an email.

11. Order the defendants to not limit the length of outgoing emails.

12. Order the defendants to allow Plaintiff ~~to~~ email anyone except for persons who have specifically requested to be restricted to Plaintiff, ~~or who by statutory law or court order are restricted for Plaintiff to contact~~.

13. Order the defendants to not impose restrictions on the use of Plaintiff's electronic communications by non-incarcerated persons.