# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| RALPH HARRISON BENNING,<br><br>*Plaintiff*,<br><br>v.<br><br>COMMISSIONER GREGORY C. DOZIER, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>5:18-cv-00087-TES-CHW |

## ORDER

Before the Court is the United States Magistrate Judge's Report and Recommendation ("R&R") [Doc. 84] on Defendants' Motion for Summary Judgment [Doc. 64]. The Magistrate Judge recommends that the Court grant Defendants' summary judgment. [Doc. 84, pp. 1, 10].

After reviewing the Magistrate Judge's R&R, Benning timely filed his objections pursuant to 28 U.S.C. § 636(b)(1). [Doc. 87-2]. The Court conducted a *de novo* review and **RECOMMITS** the matter to the Magistrate Judge with instructions as explained below.

## BACKGROUND

Benning, an inmate at Wilcox State Prison, complains that the following four emails he sent through the inmate email service to persons outside of the prison were censored:

- a September 24, 2017, email sent by Benning to his sister, Ms. Elizabeth Anne Knott, intercepted by Defendant Patterson,

- two emails sent on October 9, 2017, by Benning to his sister, Ms. Elizabeth Anne Knott, intercepted by Defendant Edgar,

- and a February 6, 2018, email sent by Benning to the Aleph Institute, intercepted by Defendant Patterson. [Doc. 28, p. 5].

Benning claims that none of the four emails reached their intended recipient and that the emails were withheld by the GDC because the contents of the emails violated GDC policy, and the Commissioner implemented this policy. [Doc. 1, p. 11]; [Doc. 28, pp. 5, 11–12].

The Magistrate Judge screened Benning's claims pursuant to 28 U.S.C. § 1915A(a). [Doc. 7]. The Magistrate Judge found that Benning sought relief under 42 U.S.C. § 1983 and "may proceed with his claims against Defendant Dozier in his official capacity." [*Id*. at pp. 1, 7]. Later, Benning was permitted to add Patterson and Edgar as defendants in his amended complaint. [Doc. 28].

Benning claims compensatory damages of $0.35 per censored email, $10 in nominal damages, $1,000 in punitive damages, and litigation costs. [Doc. 28, p. 13]. Benning also seeks declaratory and injunctive relief. [*Id*. at pp. 6, 13].

Defendants filed a Motion for Summary Judgment [Doc. 64], and argued that Benning has no constitutional right to communicate via email, that his use of the prison

2

email system is a privilege and not a right, and the GDC preventing Benning from using his email on three occasions is not a constitutional violation. [Doc. 64-1, pp. 6–9]. Defendants also argue that even if Benning has a constitutional right to communicate via email, the abridging of that right passes the applicable level of constitutional scrutiny, and that Defendants Edgar and Patterson are entitled to qualified immunity for the suits against them in their individual capacities. [*Id*. at pp. 9–17]. Lastly, Defendants argue that Benning is only entitled to nominal damages and is not entitled to injunctive relief. [*Id*. at pp. 17–19].

Benning responded to Defendants' Motion for Summary Judgment and argued that electronic and paper correspondence should not be treated differently for the purposes of a First Amendment analysis, that Due Process should be provided when a prisoner's email correspondence is restricted, that limiting the length of email correspondence is unconstitutional, that it is unconstitutional for the Defendants to restrict the speech of non-incarcerated persons, and that the applicable law is clearly established for the purposes of qualified immunity. [Doc. 80]; [Doc. 80-1].

The Magistrate Judge issued a report recommending that this Court grant the Defendants Motion for Summary Judgment. [Doc. 84]. In doing so, the Magistrate Judge found that there is no genuine issue of material fact as to Benning's First Amendment claim, and that the challenged prison policies governing outgoing email

correspondence are valid and reasonably relate to a legitimate penological interest. [*Id.* at 4].

Pursuant to 28 U.S.C. § 636(b)(1), Benning filed objections to the Magistrate Judge's report and recommendation. [Doc. 87-2].

## DISCUSSION

### A.  *De novo* Review

"A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

### B.  *Pro se* Pleading Standard

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97 (1976)); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, the Eleventh Circuit has clarified that this "liberal construction" standard "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Lowe v. Delta Air Lines Inc.*, 730 F. App'x 724, 728 (11th Cir. 2018), *cert. denied*, 139 S. Ct. 431 (2018) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)). Furthermore, even a *pro se* litigant must adhere to the Federal Rules of

4

Civil Procedure. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

C. <u>**Analysis**</u>

Benning objects to the Magistrate Judge's R&R because the Magistrate Judge did not consider a Due Process claim. [Doc. 87-2, p. 1–4]. According to Benning, he pursued a Due Process claim from the beginning of this lawsuit. [*Id*. at p. 2]. But Benning was not explicit about a "due process" claim until his Response to the Defendants' Motion for Summary Judgment. [Doc. 80-1, p. 2]. The Magistrate Judge only considered Benning's First Amendment claim because an attempt to raise a claim for the first time in a response to a motion for summary judgment is too late. [Doc. 84, p. 2 n. 2]. The Court agrees with the Magistrate Judge that a claim cannot be raised for the first time in a response to a motion for summary judgment. Further, the Magistrate Judge's Screening Order made no explicit reference to any Due Process claim. [Doc. 7]. And Benning stated that he has "no objection" to the Screening Order. [Doc. 12, p. 1]. Benning's Original Complaint never uses the words "due process." Likewise, Benning's Amended Complaint doesn't contain a specific reference to the federal Due Process Clause, much less specify that he is attempting to raise a Procedural Due Process claim. [Doc. 1, p. 11, ¶¶ 10, 11, 12 (referring to lack of "notice" and "opportunity to respond")]; [Doc. 28, p. 11 ¶¶ 10, 11, 12 (referring to lack of "notice" and "opportunity to respond")].

The Court, reviewing *de novo* with the liberal *pro se* pleading standard in mind, and in an attempt to be as fair to Benning as possible, recommits the R&R to the

5

Magistrate Judge to fully consider any potential Due Process Claim. The Court recognizes, however, that because Benning was not explicit about his Due Process claim, and instead merely alleged words commonly associated with Procedural Due Process, he made things much more difficult than they needed to be for the Defendants, the Magistrate Judge, and this Court. Had Benning been as scrupulous about his alleged Due Process claim as he was about his First Amendment claim, the Defendants and the Magistrate Judge would have had a better opportunity to respond to and consider that claim.

## **CONCLUSION**

The Court **RECOMMITS** this case to the Magistrate Judge to consider Benning's Procedural Due Process claim in the manner he sees fit.

**SO ORDERED**, this 14th day of September, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**