# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **RALPH HARRISON BENNING,** *Plaintiff*, v. **COMMISSIONER GREGORY C. DOZIER,** *et al.*, *Defendants*. | **CIVIL ACTION NO.** **5:18-cv-00087-TES-CHW** |

### ORDER ON BENNING'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL

The Court entered judgment against Benning, and Benning filed a Notice of Appeal. *See* [Doc. 109]; [Doc. 111]. Benning then filed a Motion for Leave to Appeal *in forma pauperis*. *See* [Doc. 114]. For the reasons set forth below, the Court **GRANTS** Benning's Motion.

A. <u>**Appeal *In Forma Pauperis* Standard**</u>

Pursuant to Federal Rule of Appellate Procedure 24(a)(2), if the Court grants a motion to appeal *in forma pauperis*, "the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise." 28 U.S.C. § 1915(a)(3) provides that if the trial court certifies in writing that the appeal is not taken in good faith, such appeal may not be taken *in forma pauperis*. "'[G]ood faith' .

. . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

      **B.**      <u>**Benning's Motion for Leave to Proceed *In Forma Pauperis***</u>

Simply put, the Court finds that Benning's appeal is taken in good faith and seeks review of a non-frivolous issue. Benning's appeal presents the question of whether outgoing prisoner email regulations are governed by the standard articulated in *Procunier v. Martinez*, 416 U.S. 396 (1974) or *Turner v. Safley*, 482 U.S. 78 (1987), and whether the First Amendment applies differently to regulations of outgoing prisoner mail versus outgoing prisoner email. *See* [Doc. 114, p. 1]. The Court sees at least "arguable merit" in Benning's position even though it ultimately ruled against Benning

and dismissed his case. *Napier*, 314 F.3d at 531. Therefore, Benning's appeal is not frivolous and is made in good faith.

Further, upon review of Benning's affidavit in support of his motion, the Court is satisfied that Benning is a pauper. The Court will therefore **GRANT** Benning's Motion for Leave to Appeal in forma pauperis [Doc. 114] and his appeal may proceed without prepaying costs or fees. *See* Fed. R. App. P. 24(a)(2). Benning is still responsible for eventually paying the full amount of the filing fee as dictated by 28 U.S.C. § 1915(b).

**SO ORDERED**, this 23rd day of June, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**