IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RALPH HARRISON BENNING,** | : | |
| Plaintiff, | : | Case No. 5:18-cv-087-TES-CHW |
| v. | : | |
| Commissioner GREGORY DOZIER | : | Proceedings Under 42 U.S.C. § 1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendant. | : | |

## ORDER

Before the Court is Plaintiff's motion for issuance and service of subpoena. (Doc. 125). In anticipation of a hearing set for November 8, 2023, before the District Court, Plaintiff requests a subpoena be issued for Jennifer Amos, General Counsel of Georgia Department of Corrections (GDOC), directing her to produce a series of documents concerning GDOC's SOP 204.10 and to appear at the hearing. (*Id.*)

*Pro se* litigants are entitled to reasonable access to the courts, and that includes the ability to compel nonparties to produce relevant documents, electronically stored information, and other tangible things pursuant to Rule 45 of the Federal Rules of Civil Procedure. *See Wright v. Young*, 2012 WL 3024431 at *1 (N.D. Fla. 2012) (citing *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). In cases involving *pro se* prisoner litigants, courts retain the responsibility to supervise the discovery process, and must prevent the use of the subpoena power for abusive purposes. *Keith v. Mayes*, 2010 WL 3339041 at *1 (S.D. Ga. Aug. 23, 2010) (citing *Poole v. Lambert*, 819 F.2d 1025, 1029 (11th Cir. 1987)). A request for the issuance of a subpoena should be granted only if the request is within the proper scope of discovery and "the documents sought are not equally available from [the defendant] through a request for production of documents." *Wright*, 2012 WL at *1.

1

While some of the items Plaintiff seeks may be germane to the motion hearing, Plaintiff's request is deficient for two reasons. First, while this case is not in a traditional discovery posture, Plaintiff has not shown why the requested documents are not available from Defendant and has not described any attempts to seek them from Defendant before going through a third-party, Ms. Ammons. Second, Plaintiff makes no mention of how he will pay for the costs of production of the requested documents or for Ms. Ammons's appearance. Plaintiff states only that "[a]ll fees and costs for issues and service to be handled in accordance with the in forma pauperis statute." (Doc. 125, p. 2).

Plaintiff's *in forma pauperis* status does not alleviate Plaintiff's responsibility to fund the costs of litigation like any other litigant. If the Court issued the subpoena as requested and the U.S. Marshals Service served it, Plaintiff would still be responsible to pay Ms. Ammons's witness fees and mileage pursuant to Rule 45(b)(1) and the costs associated with his request for the production of documents, such as copying or printing costs, because the *in forma pauperis* statute does not excuse a plaintiff's obligation to pay for these costs. *See Easley v. Dep't of Corr.*, 590 F. App'x 860, 868 (11th Cir. 2014) (citing *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [§ 1915] for the payment by the government of the costs of … litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant")). The *in forma pauperis* statute only refers to "court fees" and "[n]either defendants nor the district court [is] obligated to advance" the costs of discovery or litigation. *Id*. Pursuant to the Court's responsibility to oversee the discovery process and the issuance of subpoenas, the Court cannot grant Plaintiff's request at this time without assurance that the statutory fees will be paid and that Plaintiff has the ability to pay for costs associated with producing the requested documents.

Based on the foregoing, at present, Plaintiff's motion for issuance and service of subpoena (Doc. 125) is **DENIED**.

**SO ORDERED**, this 19th day of October, 2023

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge