IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RALPH HARRISON BENNING,**  *Plaintiff,*  v.  **Comm'r GREGORY C. DOZIER,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:18-cv-00087-TES-CHW** |

**ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF**

Before the Court is Plaintiff Ralph Harrison Benning's Motion for Relief [Doc. 120] made pursuant to Federal Rule of Civil Procedure 60(b)(3). [Doc. 120, p. 1]. Rule 60(b) permits relief from a final judgment, order, or proceeding due to:

> (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence" which could not have been discovered earlier "with reasonable diligence"; (3) fraud, misrepresentation, or an adverse party's misconduct; (4) a void judgment; (5) satisfaction, release, or discharge, or the prior judgment's reversal or vacatur, or it would not be equitable to apply the judgment prospectively; or (6) "any other reason that justifies relief."

*Sanders v. Wal-Mart Stores East LP*, 829 F. App'x 500, 501 (11th Cir. 2020) (quoting Fed. R. Civ. P. 60(b)(1)–(6)). In addition to fraud, misrepresentation, or an adverse parties' misconduct, Plaintiff must show that Defendants' "conduct prevented [him] from fully and fairly presenting his case . . ." to prevail on a motion couched under Rule 60(b)(3). *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1287 (11th Cir. 2000) (citation omitted).

According to Plaintiff's motion, when he filed this case there were no requirements for anyone wanting to communicate with him through email to be cleared through the security procedures and background checks like those in place for physical entry into the prison. [Doc. 120, p. 1]. Plaintiff contends that Defendants only instituted those requirements for email in response to his lawsuit "in an attempt to justify" email censorship. [*Id.*]. Defendants, however, lifted those requirements which mooted any claim for relief that Plaintiff may have had regarding them. *See* [Doc. 105, p. 19 (Objection Twenty-Six)]; [Doc. 108, p. 7]. In reliance on Defendants' actions, Plaintiff did not challenge the security requirements for email throughout the duration of the proceedings in the District Court or on appeal. *Benning v. Comm'r, Ga. Dep't of Corrs.*, 71 F.4th 1324, 1339 (11th Cir. 2023).

Plaintiff further states that during oral argument to the Eleventh Circuit, Defendants' attorney "unequivocally averred" that the security requirements for email "no longer existed." [Doc. 120, p. 2]. Since then, Plaintiff says that Defendants "have now reinstated" the security-clearance requirements for email to "evade judicial review." [*Id.*]. Plaintiff's description of events since this case was on appeal is his basis for seeking relief under Rule 60(b)(3) for "fraud, misrepresentation, or an adverse party's misconduct." Fed. R. Civ. P. 60(b)(3). However, the Court does not agree that the reinstated security requirements for email are—as Plaintiff argues— completely elusive of judicial review. *See* [Doc. 120, p. 2]. Plaintiff could certainly file a new lawsuit against

2

Defendants seeking injunctive relief as it relates to the security requirements that are apparently back in place. While the undeniably suspicious timing may have prevented Plaintiff "from fulling presenting his case for judicial determination" prior to the entry of Judgment on May 3, 2021, his alleged harm is still quite capable of judicial determination—in another lawsuit. [*Id.*]; *Frederick*, 205 F.3d at 1287.

Nevertheless, for the sake of judicial economy, the Court **GRANTS** Plaintiff's Motion for Relief [Doc. 120]. However, to avoid a fact-finding mission of whether Defendants engaged in conduct of the kind contemplated by Rule 60(b)(3), the Court grants Plaintiff's requested relief pursuant to Federal Rule of Civil Procedure 60(b)(6)—"any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). In the Court's opinion, this undeniably suspicious reinstatement of a previously removed policy—the removal which, of course, constituted the Court's basis for denying injunctive relief certainly merits that Plaintiff be allowed to fully litigate the policy that is apparently now being reinforced again.

Plaintiff is accordingly relieved from the relevant portion of the Court's Order dated April 30, 2021, as his issues related to injunctive relief for the security clearance requirements for email are clearly no longer moot. [Doc. 120, p. 3]; [Doc. 108, p. 7]. In light of this ruling, the Court **CANCELS** the evidentiary hearing set for November 8, 2023. The Court will soon issue an Order for the parties to confer and develop a Proposed Pretrial Order for its consideration. Finally, the Court will hold a trial for this

matter at *9:00 a.m.* on *January 8, 2024*. Plaintiff is in custody; thus, the United States Marshal or the person having custody of Plaintiff shall produce him for this proceeding.

**SO ORDERED**, this 30th day of October, 2023.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**