IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RALPH HARRISON BENNING,**   *Plaintiff,*   v.   **Comm'r GREGORY C. DOZIER,** *et al.,*   *Defendants.* | **CIVIL ACTION NO.**  **5:18-cv-00087-TES-CHW** |

**ORDER DENYING MOTION TO INTERVENE**

On October 10, 2024, Waseem Daker—an inmate in the custody of the Georgia Department of Corrections—filed a Motion to Intervene [Doc. 167], seeking intervention as of right, or, in the alternative, permissive intervention under Federal Rule of Civil Procedure 24. Daker contends that he, like Plaintiff Ralph Benning, "claims that GDC's policy preventing inmates from emailing anyone not cleared to physically visit them at their facility violates his First Amendment rights." [Doc. 167, p. 1].

**LEGAL STANDARD**

An applicant seeking to intervene as a matter of right under Rule 24(a) must meet four requirements:

> (1) The application must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) the applicant must demonstrate that his interest is represented inadequately by

the existing parties to the suit.

*Daker v. Owens*, 806 F. App'x 881, 883 (11th Cir. 2020). "If he establishes each of the four requirements, the district court must allow him to intervene." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). As for permissive joinder, Rule 24(b) grants a court broad discretion to permit intervention to an applicant who files a timely motion showing he "(A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Under Rule 24(b), "the district court has the discretion to deny intervention *even if both of those requirements are met*[.]" *Chiles*, 865 F.2d at 1213 (emphasis added).

## **DISCUSSION**

Daker's Motion suffers from two fatal flaws. First, the Prison Litigation Reform Act ("PLRA") precludes intervention under Rule 24. And second, even if he could intervene, Daker failed to meet the requirements of Rule 24.

First, the Eleventh Circuit clearly held that under the PLRA, each prisoner must separately initiate and prosecute civil actions by paying the filing fee. *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001). In *Hubbard*, the Eleventh Circuit concluded that the text of the PLRA prevented multi-plaintiff suits brought by pro se inmates. *Id.*

But the Circuit didn't stop there. Indeed, in *Gandy v. Bryson*, 799 F. App'x 790, 792 (11th Cir. 2020), the court extended *Hubbard*'s logic to motions to intervene, finding

2

that "[a]lthough *Hubbard* involves joinder rather than intervention, its reasoning applies" the same in the Rule 24 context.[1] The Circuit also explicitly "agree[d] with the district courts in our circuit which have so held." *Id.* (referencing *Smith v. Fla. Dep't of Corr.*, No. 2:06-CV-14201, 2015 WL 500166, at *2 (S.D. Fla. Feb. 4, 2015); and *Daker v. Wetherington*, 469 F. Supp. 2d 1231 (N.D. Ga. 2007)).

In just one example of such a district court case, the Northern District of Georgia, in *Daker v. Wetherington*, concluded: "It is clear that applying Rule 24 to allow [intervention] would circumvent the PLRA's requirement [of] a full filing fee and undermine the Eleventh Circuit's rationale in *Hubbard.* By allowing intervention in this context, a prisoner . . . could avoid the anti-joinder rule by simply waiting until an action was filed and then intervening under Rule 24." 469 F. Supp. 2d at 1235. Therefore, as numerous courts laid out for Daker in previous cases, the PLRA prevents Rule 24 intervention for pro se inmates.[2]  *See also Nolley v. Nelson*, No. 5:15-CV-149-CAR-MSH, 2017 WL 3495422, at *1 (M.D. Ga. Aug. 15, 2017) (denying Daker's motion to intervene because "Daker cannot use the intervention provisions of Rule 24 to circumvent the restrictions of the PLRA").

---

[1] The Eleventh Circuit also explained this to Daker in *Daker v. McLaughlin*, 806 F. App'x 939, 940 (11th Cir. 2020), where the court held "Daker was not entitled to circumvent the requirement that he pay a filing fee, 28 U.S.C. § 1915(b), by intervening in another prisoner's lawsuit."

[2] Even more, Daker is a restricted filer in the Middle District of Georgia. *See* Order, *Daker v. Ward*, No. 5:22-cv-340-MTT (M.D. Ga. Apr. 3, 2023), ECF No. 15. Therefore, Daker cannot use intervention as a means to circumvent the filing restrictions placed on him by this Court.

Even assuming the PLRA permitted Daker to intervene, he failed to meet Rule 24's demands—namely, he failed to show that Benning "does not adequately represent his interest." *Owens*, 806 F. App'x at 883. As the Eleventh Circuit put it in a similar case: "Daker, by his own admission, seeks the same relief as [Benning] with the same motivation[.]" *Id.* To be sure, Daker admits he is "similarly situated to" Benning because they are both "GDC prisoners challenging GDC's policy preventing inmates from emailing anyone not cleared to physically visit them at their facility as violating his First Amendment rights." [Doc. 167, pp. 4–5]. Therefore, "because Daker's and [Benning's] interests are perfectly aligned, Daker's interest in the outcome of the case against GDC's . . . policy will be adequately represented by [Benning] notwithstanding any differences in litigation strategies each party may employ." *Owens*, 806 F. App'x at 883. Thus, Daker did not carry his burden of establishing Rule 24's elements. *See also Gumm v. Jacobs*, 817 F. App'x 847, 850 (11th Cir. 2020) (affirming the denial of Daker's motion to intervene).

## CONCLUSION

In sum, the PLRA precludes Daker's attempt to intervene in this case, and even if it didn't, he doesn't meet the requirements of Rule 24. Accordingly, the Court **DENIES** Waseem Daker's Motion to Intervene [Doc. 167].

**SO ORDERED**, this 10th day of October, 2024.

S/ *Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

4